## Dunn Estate

*Walter Orze,* for estate.
*Michael Kelly,* for defending co-executor.
*Robert Kane,* for beneficiary.

McKENNA, *P.J.,* November 19, 1975—This case is before us on a petition for amended decree of distribution. A decree was handed down on June 11, 1975. The petition for amended decree of distribution was not filed until August 11, 1975. Although exceptions should have been filed within ten days from the date of the original decree, we will waive objections to the timeliness of the petition and will decide the case on the merits.

There are two questions before us:

1. May the executors pay witness fees and the cost of meals furnished to witnesses who appeared in litigation involving the estate?

2. Is the attorney for one of the executors entitled to be paid from funds in the estate a fee of $650?

Decedent died on March 8, 1974, leaving a will dated December 20, 1971. She left the bulk of her estate to her husband, George Proden. An inven-

tory filed on December 3, 1974, lists assets of $131,169.27 in personalty, and no realty. The executors named in the will are Louis M. Tarasi, Jr., and William L. Harvanek.

There was litigation in the estate concerning certain items which were not listed in the inventory and which decedent's surviving husband claims are assets which belonged to his deceased wife. Among these are two notes alleged to have been signed by William L. Harvanek, one of the executors, and his wife, or by the wife, Bernadette S. Harvanek, alone. A hearing was held and it was determined that the notes were paid in full, or that the obligation never existed.

During this litigation, Mr. Harvanek obtained counsel, other than the attorney who represented the estate. It is apparent that this was necessary, as the attorney representing the estate in pressing the claim against Mr. Harvanek could not also represent him in resisting it.

A hearing was held concerning this and certain other matters raised during administration. By opinion and decree filed on June 11, 1975, this court decided the issues litigated. It determined that nothing was owed to the estate by Mr. Harvanek or his wife.

Thereafter, counsel for the estate presented a petition to the court asking for leave to pay fees to witnesses who had appeared for the estate in the litigation above described, and the costs of two meals for them. The witness fees asked amount to $150, or $30 for one day in court for each of five witnesses. The two meals, breakfast and dinner, for the five witnesses amount to $247.

Counsel for Mr. Harvanek asked the court to approve for payment from estate funds of the sum of

$650 for attorney fees incurred by him in the litigation concerning the notes, as above described.

Counsel for George Proden, the chief beneficiary under the will, objects to the payment of the fees and expenses to the witnesses, and to the payment of counsel fees to Mr. Harvanek's attorney.

The case was set for hearing and was heard on November 5, 1975.

The attorneys called no witnesses at the hearing. instead, each attorney stated his position, and the statement of each was recorded. There was no objection as to any statement of fact made. Actually the circumstances, as above related, appear of record. We will, accordingly, make a determination of the issues from those facts.

Our authority to allow witness fees and mileage is defined by statute. Witnesses are entitled to only $5 per day and $.07 per mile: Act of October 13, 1959, P. L. 1309, sec. 1, 2, 28 PS §416.1, 2. There is no basis for allowance to witnesses of the cost of meals. Accordingly, we will disallow the estate's claim for credit of $30 per day for each of five witnesses and for the costs of two meals for them. We will, however, allow as a credit to the estate, witness fees and mileage when a claim for such items as allowed by law is filed and presented to the estate. Said claim must be filed within 10 days from the date of the filing of this opinion or it will be disallowed.

We cannot allow to Mr. Harvanek any sum toward his counsel fee of $650. When it appeared that the estate had a claim against him, it was his duty to divorce himself immediately and absolutely from the estate in regard to this claim. The litigation concerning the two notes enured entirely to the benefit of Mr. Harvanek and his wife and to the

detriment of the estate. We will deny his claim for counsel fees.

An amended decree will be entered in accordance with this opinion.